﻿Citation Nr: 19172652
Decision Date: 09/18/19 Archive Date: 09/18/19

DOCKET NO. 16-40 141
DATE: September 18, 2019

ORDER

Entitlement to service connection for a left eye disability is dismissed.

Entitlement to service connection for a respiratory disability, claimed as shortness of breath, is dismissed.

Entitlement to service connection for a gastrointestinal disability is denied.

REMANDED

Entitlement to service connection for headaches, to include as secondary to service-connected posttraumatic stress disorder (PTSD), is remanded.

Entitlement to an initial rating in excess of 30 for posttraumatic stress disorder (PTSD) is remanded.

Entitlement to an initial rating in excess of 0 for a left index finger scar is remanded.

FINDINGS OF FACT

1. In a May 18, 2019 written statement, prior to the promulgation of a decision in the appeal, the Board received notification from the Veteran’s representative that a withdrawal of the appeal for entitlement to a service connection for a left eye disability and respiratory disability was requested.

2. The preponderance of the evidence is against a finding that the Veteran has a current diagnosis of any gastrointestinal disability.

CONCLUSIONS OF LAW

1. The criteria for withdrawal of an appeal for entitlement to entitlement to a service connection for a left eye disability and respiratory disability have been met. 38 U.S.C. § 7105(b)(2), (d)(5); 38 C.F.R. § 20.204.

2. The criteria for service connection for a gastrointestinal disability have not been met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.159, 3.303.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from January 1968 to January 1970. This matter comes before the Board of Veterans’ Appeals (Board) from January 2013 and May 2015 rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida.

The Board may dismiss any appeal which does not allege specific error of fact or law in the determination being appealed. 38 U.S.C. § 7105. An appeal may be withdrawn as to any or all issues involved in the appeal at any time before the Board promulgates a decision. 38 C.F.R. § 20.204. Withdrawal may be made by the appellant or the authorized representative. 38 C.F.R. § 20.204. 

In May 2019 correspondence, the Veteran withdrew the claims for entitlement to service connection for an eye disability and respiratory disability. Thus, there remain no allegations of errors of fact or law for appellate consideration. Accordingly, the Board does not have jurisdiction to review the appeal concerning entitlement to service connection for an eye disability and respiratory disability and those claims are dismissed.

Service Connection

In general, service connection may be established for disability or injury incurred in or aggravated by service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303. Service connection may also be established for disability shown after service, when all of the evidence, including that pertinent to service, shows that it was incurred or aggravated in service. 38 C.F.R. § 3.303(d).

To establish a service connection for a disability, a Veteran must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009); Shedden v. Principi, 381 F.3d 1163(Fed. Cir. 2004).

A disability may be service connected if the evidence of record shows that the Veteran currently has a disability that was chronic in service or that was chronic as defined by regulation with continuity of symptomatology demonstrated after service. 38 C.F.R. § 3.303(a),(b); Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). 

A Veteran need only demonstrate that there is an approximate balance of positive and negative evidence in order to prevail. To deny a claim on its merits, the preponderance of the evidence must be against the claim. Alemany v. Brown, 9 Vet. App. 518 (1996); Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

1. Entitlement to service connection for a gastrointestinal disability

The Veteran contends that he had bad stomach pains and acid reflux in service. He stated that he has continuously gad bad heartburn and acid reflux when stressed out since separation. 

The service medical records do not show complaints of a gastrointestinal disability or stomach problems. The post-service medical records do not show the Veteran had nausea or heartburn. The medical evidence of record does not show any gastrointestinal disability has been diagnosed. The Veteran has not notified VA of any medical evidence which supports a finding that any gastrointestinal disability has been diagnosed.

The Board finds that service connection for a gastrointestinal disability is not warranted. Without a diagnosis of a current disability, service connection cannot be established for a gastrointestinal disability. Congress has specifically limited entitlement to service-connected benefits to cases where there is a current disability. In the absence of proof of a present disability, there can be no valid claim. Brammer v. Derwinski, 3 Vet. App. 223 (1992). The evidence does not show during or contemporary to the period of the claim that the Veteran had a gastrointestinal disability or stomach problems that resulted in functional loss that could be considered a disability.

The presence of a chronic disability at any time during the claim process can justify a grant of service connection, even where the most recent diagnosis is negative. McClain v. Nicholson, 21 Vet. App. 319 (2007). Because there was no actual disability diagnosed at any time since the claim was filed or contemporary to the filing of the claim, and there remains no current evidence of the claimed disability, no valid claim for service connection for a disability related to a gastrointestinal disability exists. The Veteran has not submitted any contrary competent medical evidence suggesting that that he has any current gastrointestinal disability, or that any current gastrointestinal disability is related to service.

As the preponderance of the evidence is against the claim for service connection for a gastrointestinal disability, the claim must be denied. 38 U.S.C. § 5107(b); Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

REASONS FOR REMAND

1. Entitlement to service connection for headaches, to include as secondary to service-connected posttraumatic stress disorder (PTSD), is remanded.

The Veteran last underwent VA examination in August 2016 for a headache disability. In a May 2019 statement, the Veteran reported that the headaches are worsened by stress. He contends that the headaches may be related to service-connected PTSD. VA’s duty to assist includes a duty to provide a medical examination or obtain a medical opinion where it is deemed necessary to make a decision on the claim. 38 U.S.C. § 5103A (d); 38 C.F.R. § 3.159(c)(4); Robinette v. Brown, 8 Vet. App. 69 (1995). On remand, the Veteran should be provided a VA examination to address whether any headaches are related to the service-connected PTSD.

2. Entitlement to an initial rating in excess of 30 for posttraumatic stress disorder (PTSD) is remanded.

The Veteran last underwent VA examination in August 2012 for a psychiatric disability. The Veteran reported that he was not under the care of a psychiatrist and he does not think a doctor can help him. In May 2019, his reported symptoms suggested that the psychiatric disability has increased in severity since the most recent VA examination. Where the evidence of record does not indicate the current state of the disability, a more contemporaneous VA examination must be conducted. Schafrath v. Derwinski, 1 Vet. App. 589 (1991); 38 C.F.R. § 3.327(a). A remand is required to provide the Veteran a more contemporaneous VA examination that evaluates the current symptomatology of the psychiatric disability.

3. Entitlement to an initial rating in excess of 0 for a left finger scar left finger scar is remanded.

The Veteran underwent a VA examination in May 2015 for a scar on the left hand. In a May 2019 statement, the Veteran contends that the scar is painful, and he has flare ups. VA’s duty to assist includes a duty to provide a medical examination or obtain a medical opinion where it is deemed necessary to make a decision on the claim. 38 U.S.C. § 5103A(d); 38 C.F.R. § 3.159(c)(4); Robinette v. Brown, 8 Vet. App. 69 (1995). On remand, the Veteran should be provided with a VA examination to assess the severity of the scar and the Veteran’s lay statements.

The matters are REMANDED for the following action:

1. With any necessary authorization from the Veteran, obtain any outstanding VA and private treatment records, to specifically include medical doctors of South Florida.

2. Then, schedule the Veteran for a VA examination to determine the etiology of any headache disability. The examiner must review the claims file and should note that review in the report. All indicated tests and studies must be performed. The examiner should diagnose all identified headache disabilities. The examiner must also take a full history from the Veteran. A complete rationale should be provided for all conclusions reached. The examiner must address the August 2016 VA examination. The examiner should provide the following:

(a.) Is it at least as likely as not (50 percent or greater probability) that any headache disability had its onset in service, was aggravated by service, or is otherwise related to any incident of service? 

(b.) Is it at least as likely as not (50 percent or greater probability) that any headache disability is proximately due to or the result of any service-connected disabilities, to include PTSD? The examiner should specifically address the Veteran’s lay statements regarding PTSD bringing on headaches.

(c.) Is it at least as likely as not (50 percent or greater probability) that any headache disability has been aggravated (permanently increased in severity beyond the natural progress of the disorder) by any service-connected disabilities, to include PTSD?

3. Schedule the Veteran for a VA examination with a psychiatrist or psychologist to assess the current severity of a psychiatric disability. The examiner must review the claims file and should note that review in the report. The examiner is asked to conduct a complete examination, and to obtain a detailed mental status. The examiner should describe the levels of social and occupational impairment and describe the symptomatology, to include the frequency and severity of symptoms, that results in those levels of impairment. 

4. Schedule the Veteran for a VA examination to determine the current severity of the scar on the left hand. The examiner must review the claims file and should note that review in the report. Any scar present should be described and measured. The examiner should state whether any scar is painful or unstable or causes any limitation of function. The examiner should identify and describe in detail all symptoms. The examiner must address the Veteran’s contention that the scar is painful, and that he experienced flare ups.

 

 

Harvey P. Roberts

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board C. Kass, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.